May it please the Court, my name is Jane Myers and I represent Orange Rogers on this appeal. I'd like this Court to find that Mr. Rogers' waiver of his right to collaterally attack his conviction was not in fact valid because if we don't get past that point, we won't be getting past any of the other points in this particular case. It's true that his written plea agreement said that he in fact had discussed the waiver with his lawyer and all parts of the agreement with his attorney and understood them, but at the oral plea colloquy and even at the sentencing, absolutely nothing was said about his right to bring a collateral attack or his waiver, more properly, his waiver of a right to bring a collateral attack against the conviction. And that's significant here. This is a case where the circumstances of it tend to indicate that he didn't really understand what he was waiving and that it included the right to collaterally attack. Unlike cases like Colato, like Tolado, for example, this is not a case in which the oral plea colloquy went through precisely what happened between the attorney and the client, although nothing was said about one particular crime. This was a case in which there was a very limited colloquy during the oral change of plea proceedings about what in fact had occurred. My client simply said that he had had enough time to speak with his attorney about the plea. In fact, that he, first he said he understood portions of it, and then generally he said all of it. He understood it, but this is insufficient in this particular case, I would argue, simply because all of that came out way before anything was mentioned concerning most of his specific rights, and certainly the right to appeal his conviction, which was mentioned. But- The issue was the defendant's attempt to file a successive 2255 motion, but I'm not sure I understand why the enforceability of a plea waiver should turn on whether the 2255 motion is initial or successive. Okay, and I will say that's not the point upon which I'm relying upon most heavily. I will tell you that the real reason that I believe that this case is different than Sanford, and I recognize that Sanford is a difficult case to get around, I'm not saying otherwise on that, is that in Sanford there was more colloquy that addressed certain points. And in addition to that, and I rely very heavily upon the fact that after Sanford, this court decided the burden case, which is cited in our reply brief, which pretty much made clear that you have the obligation, if you're waiving a specific right, to go over that specific right. That's not what Sanford says, though. I mean, there was no such discussion in Sanford. So what do you think is the part of the colloquy in Sanford that is distinct from this one? It's simply that there was more colloquy and- About what? And in this case, you have the particular factor, which was not present in Sanford, in that, in this case, the court, everything has always joined the collateral, a waiver of collateral challenge with the right to appeal. In this case, when the court actually addresses it during the oral change of plea colloquy, the court mentions one, doesn't mention the other, and says, do you understand this? There's no, obviously, to the appeal right. And then it's followed up immediately by the assistant United States attorney saying a big fat nothing. So while in certain other cases like Tolado, you had at least the prosecutor mentioned the right, here you have absolutely nothing. You have the most vague of vague understandings. Mr. Rogers- When you say the big fat nothing, what do you mean by that? Because right after the court says, and you understand that you may not appeal your sentence if I sentence you to 120 months or less, yes, your honor. And then the court asks his lawyer how much time he spent with him going over the plea agreement. Have you advised him of his rights, the nature of the charges, the consequences of pleading discovery, of pleading guilty, how much discovery did you get, adequate information to appropriately advise? There's two pages of what did you go over with your client? But there's no mention of the very closely associated waiver of the right to collaterally attack him. Do you agree this is a plain error review, right? What? I would say that- So what are the chances of the court saying, well, you agree you can't appeal your sentence if I give you 120 months or less. He says, yeah, I understand that. And you agree you give up your right to file a habeas corpus petition along those lines, too. That he's going to say, oh, well, I didn't agree to that. I mean, even though it's in my plea agreement specifically, I want to reserve that right. Why do we think that? Okay. First of all, I don't want to concede that it's definitely plain error review, because one of the exceptions to enforcement of the waiver to right to appeal is if there is an unconstitutionality involved. And initially charging him and having this plea agreement, and I would argue that it is based on the initial apprehension that this person, that Mr. Rogers, Orrin Rogers, had three prior felony convictions. It may well be a case like United States against Rosa. Otherwise, we are stuck with plain review and plain error review. And I don't believe that my client is likely able to meet the plain error standards, which are extremely stringent. So, I can go on to other points. I would like to say that I think that this case, despite that it was an 11C1C agreement, should be subject to challenge. That should not prevent my client from doing that. And for that proposition, I rely primarily upon cases such as the United States Supreme Court's decision and the United States against Leonard, which was written by Judge Raji and a decision of, a published decision of this court, which essentially gave a broad interpretation to the concept of what is based on a guidelines calculation. And in this case, it was clear that the reason why Orrin Rogers was taking this agreement was because he was terrified of being found to have three prior violent felonies. And if the court has no further questions, I will rely upon my brief for the remainder of it. You've reserved a minute to rebuttal. Yes, I did. We shall hear you then. Thank you. May it please the court, Stephen Clymer for the United States. The court should enforce the waiver and dismiss the appeal. The waiver provision in the plea agreement here was clear and unambiguous. This was not a case like the burden case that counsel cites, where there was a aspect of the issue on appeal that was not addressed whatsoever in the waiver provision. There was no mention at all of the supervised release term, which was the issue of burden. Here, the plea agreement specifically said, you waive your right to collateral attack. In the plea agreement, Mr. Rogers, with counsel, confirmed that he'd read the plea agreement, he understood the terms, and he'd spoken to his attorney about it. I think it's also worth mentioning that this was not Mr. Rogers' first rodeo. This is a man with extensive experience in the criminal justice system. Very lengthy criminal record, starting from the time he was 18 through to the time of his conviction in this case. So then we get to the change of the plea hearing, where a defendant has now executed a plea agreement with advice of counsel, specifically waiving his right to collaterally attack his conviction. At the change of plea hearing, he told the district court that he had read the plea agreement, he discussed with his attorney, and he understood the plea agreement. The single omission here that counsel relies on is the judge didn't use the magic words, collateral attack, when he described the waiver or discussed the waiver. There was no objection to that, there was no request that the court give a more full colloquy. And this court's decisions in Cook, in Tolado, and in Sanford make crystal clear that under those circumstances, number one, plain error review applies, number two, that it's not a deficient waiver under those circumstances. What do we make of rule 11, though, that says not only do you have to address the plea waiver, but the waiver of collateral attack as well? Rule 11 specifically says that, and we've said strict adherence is very important. I understand that. How do we deal with that? I think the way to deal with that is to remind district courts that they're supposed to do that. But the district court's not the only party at that proceeding. The defense attorney's there and the prosecutor's there, too, and perhaps both of them could also do it. But it's clear that when the defense attorney doesn't object to that, doesn't say, judge, you didn't tell my client about the other right he's waiving, that plain error review applies. And in Cook, this court recognized that Supreme Court case law requires that plain error review apply under those circumstances. And as you pointed out in your question, Your Honor, it's inconceivable to think that Mr. Rogers, had that correction been made, would have turned around and said, I don't want to plead guilty now, now that you've explained to me what I signed in that plea agreement. Is it equally inconceivable to think that his lawyer would object at the plea proceeding to the court not mentioning collateral waivers as well? Most likely, Your Honor, because my guess is that the attorney probably understood that his client was well aware of what he was waiving. If the attorney was honest with the court, and the client was honest with the court, and they did discuss the terms of the plea agreement. So I- The party with the greatest interest in making sure this was clarified would be the prosecution. I mean, otherwise, you're dealing with possible 2255's brawl. Why isn't the prosecutor saying to the judge, because these slips of the tongue can happen, you didn't make clear to him that it's not going to be challengeable in other means than direct appeal as well, Judge? I think it would be preferable from my point of view right now, Your Honor, for a prosecutor to do that. I will say this from personal experience. There are some district court judges that don't take kindly to prosecutors telling them how to do guilty plea colloquies. And there are times where that can be a deterrent to a prosecutor interrupting a judge's colloquy and saying, Judge, you didn't do this right, you didn't do that right. That is a difficult thing for a prosecutor to do. Well, there are ways of doing it, and it doesn't seem to me that the answer is we don't want to speak up, we're too timid to speak up. Well, and I didn't mean to suggest that people are too timid to speak up, Your Honor, but there are times, and I've had this experience myself, where I have been castigated in district court. So you take the castigation rather than not have an adequate guilty plea taken, but that's another matter altogether. I think it's also worth pointing out under these circumstances, Your Honor, that what Rule 11 requires is that the judge be convinced that the defendant understand his rights. And if the judge knows, and here the judge incorporated the plea agreement into the waiver colloquy. If the judge knows that the defendant has discussed the plea agreement with his attorney and has signed the waiver, I believe that should be sufficient for the judge to be certain that the defendant understands that provision in the plea agreement. Even if this court were to reach the merits, however, Buyer's remorse is not a viable basis for granting a 2255 motion. Here, Johnson, the residual clause, and the Armed Career Criminal Act are red herrings. The defendant was not sentenced as an armed career criminal. The court didn't rely on the residual clause, and Johnson has no application. The agreement in this case was for the defendant to plead guilty as a felon in possession. He pled guilty as a felon in possession. He was sentenced as a felon in possession. Johnson has no application whatsoever for the sentence in this case. 2255 gives the defendant a right to overturn or to have vacated an illegal sentence. There was absolutely nothing illegal about the sentence in this case. It was based solely on the felon in possession offense. It was not based on the Armed Career Criminal Act. And so there's simply no basis here for the defendant to receive the relief that he seeks, even if you do reach the merits in this case. Unless the court has additional questions, I'll rest on the briefs, ask you to dismiss, and in the alternative to a file. Thank you. Ms. Myers. Go ahead. I'm also in the position where I'm more than willing to answer any questions that the court has. Thank you very much. Thank you both. We'll reserve decision. That's the last case on calendar. Please adjourn court. Court is adjourned.